UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOWARD RESPONSIBLE DEVELOPMENT, et al.,<br><br>Petitioners,<br><br>v.<br><br>CITY OF BLACK DIAMOND, et al.,<br><br>Respondents. | CASE NO. C10-1826JLR<br><br>ORDER REMANDING STATE LAW CLAIMS |

On January 10, 2011, the court ordered the parties to show cause why the court should not bifurcate Petitioners' Washington Land Use Petition Act ("LUPA") claims from their federal civil rights claims, remand the LUPA claims based on state law to King County Superior Court, and stay discovery on the civil rights claims pending resolution of the LUPA claims in state court. (Dkt. # 54.) The parties have filed timely briefs in response to the court's order. (Dkt. ## 55 (Br. of Respondent King County), 57 (Br. of Respondents BD Lawson Partners, LP, and BD Village Partners, LP (collectively,

ORDER- 1

1 "Yarrow Bay")), 59 (Br. of Petitioners), 60 (Br. of Respondent the City of Black Diamond ("Black Diamond")).)  All parties represent that they either agree with or take no position regarding the court's proposal to bifurcate the LUPA claims, remand the claims based on state law, and stay discovery.  They disagree, however, about whether the court should stay all proceedings in this court pending the state court's resolution of the LUPA claims.

The Land Use Petition alleges 22 claims of error in Black Diamond's approval of two development projects. (Land Use Petition (Not. of Removal (Dkt. # 1) at 12-39) ¶¶ 7.1-7.22.)  Two of these claims allege that Black Diamond's approval of the projects violated federal law. (*Id.* ¶¶ 7.1 (alleging that the city's processes "violated the petitioners' constitutional right of free speech, their right to petition their elected representatives, and their right to due process"), 7.6 (alleging that the ordinances approving the projects unconstitutionally preempt changes in federal law by "purport[ing] to vest the project to current stormwater regulations").)  In addition, Petitioners ask the court to find that the Black Diamond's approval process violated 42 U.S.C. § 1983 and to award them attorney's fees pursuant to 42 U.S.C. § 1988. (*Id.* ¶¶ 8.4, 8.7.)  Respondents removed the action to this court based on federal question jurisdiction. (Not. of Removal at 1 (citing 28 U.S.C. §§ 1441(a) & 1331).)

The supplemental jurisdiction statute, 28 U.S.C. § 1367(c)(2), provides that "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  Having reviewed the Land Use Petition and the submissions of

ORDER- 2

1 the parties, the court finds that the Washington state law claims substantially predominate
2 over the federal claims, and that it is therefore appropriate for the court to decline to
3 exercise supplemental jurisdiction over Petitioners' claims based on state law.  Because
4 all parties agree that remand of Petitioners' state law claims is appropriate, the court sees
5 no reason to delay its order remanding those claims.  Accordingly, the court REMANDS
6 Petitioners' LUPA claims based on state law to King County Superior Court.  The court
7 reserves ruling on the scope of the stay of the proceedings in this court until after briefing
8 on the order to show cause is complete.
9       Dated this 20th day of January, 2011.

*(signature)*

JAMES L. ROBART
United States District Judge

ORDER- 3