1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                     AT SEATTLE
9

10   TOWARD RESPONSIBLE                      CASE NO. C10-1826JLR
     DEVELOPMENT, et al.,
11                                           ORDER
                          Petitioners,
12
                   v.
13
     CITY OF BLACK DIAMOND, et al.,
14
                          Respondents.
15

16          This matter comes before the court on its order to show cause (Dkt. # 54) and on

17   the following motions:  Petitioners' motion to adjust case schedule (Dkt. # 8);

18   Respondents BD Lawson Partners, LP, and BD Village Partners, LP's (collectively,

19   "Yarrow Bay") motion to bifurcate, stay discovery and set LUPA schedule (Dkt. # 9);

20   Petitioners' motion to stay (Dkt. # 22); Respondent City of Black Diamond's ("Black

21   Diamond") motion to dismiss other necessary parties (Dkt. # 25); Yarrow Bay's motion

22   to dismiss unnecessary respondents pursuant to stipulation (Dkt. # 26); and Petitioners'

1    motion for an extension of time (Dkt. # 28).  The court's rulings on its show cause order

2    and the pending motions are set forth below.

3                                    **I.    BACKGROUND**

4            On October 11, 2010, Petitioners filed a land use petition in King County Superior

5    Court pursuant to the Washington Land Use Petition Act ("LUPA"), RCW ch. 36.70C.

6    In their petition, Petitioners allege 22 claims of error in Black Diamond's enactment of

7    two ordinances approving two housing development projects.  (Land Use Petition (Not.

8    of Removal (Dkt. # 1) at 12-39) ¶¶ 7.1-7.22.)  Several claims allege that Black

9    Diamond's approval of the projects violated the United States Constitution or federal law.

10   (*See, e.g., id.* ¶¶ 7.1, 7.6, 7.11.)  Petitioners also claim that the process Black Diamond

11   used in approving the projects violated 42 U.S.C. § 1983, and request an award of

12   attorney's fees pursuant to 42 U.S.C. § 1988.  (*Id.* ¶¶ 8.4, 8.7.)  On November 9, 2010,

13   Respondents removed the action to this court based on federal question jurisdiction.

14   (Not. of Removal at 1.)

15           On November 18, 2010, Petitioners filed a parallel action before the Washington

16   Growth Management Hearings Board ("GMHB").  Petitioners filed the parallel action

17   because they believed that it was not clear whether Black Diamond's ordinances were

18   subject to review under LUPA or under the Washington Growth Management Act

19   ("GMA").  (*See* Mot. to Stay (Dkt. # 22) at 3-4.)  Petitioners represented to the court that

20   if the GMHB has jurisdiction over their GMA claims, then the LUPA claims presented in

21   this case would be unnecessary; and further, that their claim that Black Diamond's

22   processes violated the First Amendment also would be unnecessary.  (*Id.* at 4.)

ORDER- 2

1    On January 10, 2011, the court ordered the parties to show cause why the court

2 should not bifurcate Petitioners' LUPA claims from their federal civil rights claims,

3 remand the LUPA claims based on state law to King County Superior Court, and stay

4 discovery on the civil rights claims pending resolution of the LUPA claims in state court.

5 (Dkt. # 54.)  The parties filed timely responses to the show cause order.  All parties

6 represented that they either agreed with or took no position regarding the court's proposal

7 to bifurcate the LUPA claims, remand the claims based on state law, and stay discovery.

8 (Dkt. ## 55, 57, 59, 60.)  The parties disagreed, however, about whether the court should

9 stay all proceedings in this court pending the state court's resolution of the LUPA claims.

10 Petitioners argue that all of the proceedings in this case should be stayed because either

11 the GMHB's resolution of their GMA claims or the state court's resolution of the state-

12 law LUPA claims will likely resolve, moot, or otherwise render unnecessary their federal

13 claims.  Respondents, however, ask the court to stay only discovery on the civil rights

14 claims because they plan to move to dismiss Petitioners' federal claims pursuant to

15 Federal Rule of Civil Procedure 12(b)(6).

16    On January 20, 2011, the court issued an order in which it declined to exercise

17 supplemental jurisdiction over the LUPA claims based on state law and remanded those

18 claims to King County Superior Court.  (Dkt. # 62 at 2-3 (citing 28 U.S.C. § 1367(c)(2)).)

19 The court reserved ruling on the scope of the stay of proceedings in this court, however,

20 until after the parties had an opportunity to respond to this issue.

21    On February 11, 2011, the court ordered the parties to file a status report

22 informing the court of the current status of the proceedings before the GMHB and of the

1   LUPA claims which were remanded to state court.  (Dkt. # 66.)  With their status report

2   (Dkt. # 67), Petitioners enclosed the GMHB's February 15, 2011 order addressing

3   dispositive and procedural motions.  (GMHB Order (Dkt. # 67, Ex. 1).)  The GMHB held

4   that it had jurisdiction to review Black Diamond's ordinances because they "constitute

5   the adoption or amendment of a comprehensive plan, subarea plan or development

6   regulations within the scope of the GMA for which the Board has exclusive jurisdiction."

7   (*Id.* at 20-21.)  In addition, the GMHB granted Petitioners' motion for a finding of non-

8   compliance with Black Diamond's notice and public participation requirements for GMA

9   amendments.  (*Id.* at 24.)  The GMHB therefore remanded the ordinances and set a

10  schedule for Black Diamond to comply with the GMA's public participation procedures

11  by May 24, 2011.  (*Id.* at 25.)  The GMHB, however, declined to address other

12  substantive issues raised by Petitioners and declined to enter a determination that the

13  ordinances were invalid.  (*Id.* at 25, 26.)  The parties represent that "at least one party"

14  will appeal the GMHB's February 15, 2011 order, and that "a motion will be filed to

15  consolidate the appeal with the LUPA action now pending in King County Superior

16  Court."  (Resps.' Rep. (Dkt. # 68) at 2; Pets.' Rep. (Dkt. # 67) at 3.)

17         With respect to the state court LUPA action, the parties represent that they have

18  filed a stipulation asking the state court to set the LUPA initial hearing on jurisdictional

19  and preliminary matters on March 4, 2011, and the hearing on the merits on May 16,

20  2011.  (Resps.' Rep. at 2.)  The parties also represent, however, that these dates may be

21  subject to change following the GMHB's February 15, 2011 order.  (*Id.*; Pets.' Rep. at 3.)

22

ORDER- 4

## II.   ANALYSIS

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997). Accordingly, in the interest of judicial economy, and mindful of the importance to the parties of the timely resolution of this action, the court rules as follows.  In light of (1) the GMHB's order asserting jurisdiction over Petitioners' challenge to Black Diamond's ordinances and remanding the ordinances to the city for compliance with the GMA, and (2) the likelihood that Respondents will appeal the GMHB's order, the court stays all proceedings regarding Petitioners' LUPA claims based on federal law until Petitioners' GMHB and state-court challenges to the ordinances are resolved.  Respondents may, however, file motions challenging Petitioners' § 1983 claims based on the defenses listed in Federal Rule of Civil Procedure 12(b).

## III.   CONCLUSION

For the foregoing reasons, and in light of the current status of Petitioners' claims before the GMHB and in state court:

(1)   The court DENIES as moot Petitioners' motion to adjust case schedule (Dkt. # 8).

(2)   The court GRANTS in part and DENIES in part Yarrow Bay's motion to bifurcate, stay discovery, and set LUPA schedule (Dkt. # 9).  The court grants the motion to bifurcate Petitioners' civil rights claims from their LUPA claims and to stay discovery on the civil rights claims.  The court denies as moot the motion to set a LUPA schedule.

1    (3)    The court GRANTS in part and DENIES in part Petitioners' motion to stay

2    proceedings pending the GMHB's decision on the merits of their GMA claims (Dkt. #

3    22).  The court grants the motion to stay proceedings on Petitioners' LUPA claims based

4    on federal law pending the resolution of the GMHB and state-court actions.  Respondents

5    may, however, file a motion to dismiss Petitioners' § 1983 claims pursuant to Rule 12(b).

6    The court stays Petitioners' LUPA claims based on state law until 30 days after the

7    resolution of both the GMHB proceedings on Petitioners' GMA claims and the state-

8    court proceedings on Petitioners' LUPA claims.  After the expiration of the 30-day

9    period, if the court has not received a motion to lift the stay from either party, the court

10   will DISMISS Petitioners' LUPA claims based on federal law without prejudice.  The

11   parties shall file a joint report apprising the court of the status of the GMHB and state-

12   court proceedings every three months, with the parties' first joint report due on May 31,

13   2011.

14   (4)    The court DENIES without prejudice Black Diamond's motion to dismiss

15   the "other necessary parties" (Dkt. # 25).  Black Diamond may renew its motion when

16   the court lifts its stay of the proceedings on Petitioners' LUPA claims based on federal

17   law.

18   (5)    The court GRANTS Yarrow Bay's motion to dismiss unnecessary

19   respondents pursuant to stipulation (Dkt. # 26).

20   (6)    The court GRANTS Petitioners' motion for an extension of time (Dkt. #

21   28).

22

ORDER- 6

1    Dated this 17th day of February, 2011.

2

3

4    _____
     JAMES L. ROBART
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 7